UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HEATHER M. KOHLS                                                                                        PLAINTIFF

v.                                                       No. 2:23-cv-02029

JOHN STEPHEN WOODARD
d/b/a ALLIGATOR RAYS;
and ABC ENTITIES 1-5                                                                                DEFENDANTS

**STIPULATED PROTECTIVE ORDER**

Currently before the Court is Plaintiff's joint motion (Doc. 14) for entry of a stipulated protective order (Doc. 14-1). Upon due consideration and for good cause shown under Fed. R. Civ. P. 26(c), the Court finds that the motion should be and hereby is GRANTED. The Court will enter the proposed order as stipulated.

IT IS THEREFORE ORDERED:

1. This Order establishes procedures to facilitate exchange of information while maintaining the confidentiality of commercially sensitive information (referred to herein as "Confidential" information, or "Confidential Information"). The Order establishes the parameters of Confidential Information and the protection and use of Confidential Information and post-trial disposition of Confidential Information. This Order also governs the procedures for challenging designations of confidentiality. Further, this Order governs disposition of all Confidential Information produced or revealed during the course of this action, except nothing in this Order governs the use of Confidential Information at trial.

2. This Order applies to all information and materials produced by both parties and non-parties to this Litigation that may be designated as "Confidential", including deposition testimony and transcripts, documents or tangible things, as well as answers to interrogatories,

1

requests for admissions and requests for production, irrespective of whether obtained by subpoena.

3. Materials designated as "Confidential" shall be only those documents, materials, tangible things, deposition testimony or information which are deemed in good faith by the producing party or non-party to constitute confidential, or proprietary information and to protect the names of customers of Defendant on credit card receipts.

4. Confidential Information shall not be used for any purpose unrelated to the prosecution or defense of the Litigation (including, without limitation, discovery, other pre-trial proceedings, trial, appeal, or settlement), provided that this restriction on use shall not be construed to prevent counsel or experts to whom Confidential Information is disclosed from representing or being retained by parties in other litigation, even though that other litigation may involve issues similar or identical to those involved in this Litigation. Confidential Information shall not be shown, made available, provided, communicated, or disclosed to anyone other than Qualified Persons (as defined below with respect to "Confidential" designations) except in accordance with this Order, unless so ordered by the Court.

5. Any party or non-party may designate as "Confidential" documents, materials, tangible things or other information by using the following designation:

"Confidential—Subject to Protective Order"

The legend shall be placed on documents in such a manner that it does not obscure or make illegible the wording of the document. Additionally, the contents of electronic media may be designated in any reasonable fashion, including by labeling the media or any package or case in which the media is ordinarily stored as "Confidential" or by separate letter designation. The parties stipulate that credit card receipts bearing the names of customers of Defendant shall be treated as "Confidential – Subject to Protective Order" without the necessity of placing the legend or label on such documents.

6. A portion of a deposition transcript may be designated as Confidential Information if: (1) the transcript evidences the substance of a document or information designated as "Confidential" information; (2) a statement is made on the record during the course of the deposition, through counsel for the designating party, as to the confidentiality of that portion of the deposition that counsel in good faith believes to contain Confidential Information, or (3) within 30 days after the deposition transcript is delivered, written notice is given to all counsel for the recipient parties that identified portions of the deposition transcript are to be designated as "Confidential". The reporter shall promptly conform the original copy by stamping the appropriate language, on each page so designated, and counsel shall conform their copies of the transcript in accordance with the designation. The portions so designated shall not be utilized or disclosed by any recipient party, its agents, or its employees, except in accordance with the terms of this Protective Order.

7. Nothing in this Order is intended to, or shall be construed to, prevent a party or his/her/its counsel from providing or disclosing documents or written information in response to an inquiry, demand, subpoena, or other request from a governmental entity or agency, agents of the same acting in their official capacity, or a Court order. If a party receives an inquiry, demand, subpoena, or other request from a governmental entity or agency, agents of the same acting in their official capacity, or a Court order, effective notice shall be provided to the disclosing party of said request in order to give the disclosing party reasonable time to act to seek protection of the party's rights.

8. For purposes of this Order, "Qualified Persons" with respect to documents, materials or other information designated as "Confidential" are defined as follows:

(1) The Court and Court personnel;

(2) Attorneys for Litigants, including in-house counsel, and employees or agents of the attorneys for Litigants;

3

(3) Named plaintiffs and their representatives;

(4) Employees of Litigants that are corporations, partners, or other entities;

(5) Employees of any firm retained by counsel to produce or duplicate any discovery material for use in accordance with this Protective Order;

(6) Employees of other entities retained by the Litigants, who are responsible for assisting counsel in the conduct of this action;

(7) Experts or consultants that are consulted, employed, or retained to assist counsel in this action or designated as trial witnesses;

(8) Deponents and their counsel during the course of depositions taken in this action;

(9) Trial witnesses and witnesses at any pre-trial hearing;

(10) Potential witnesses who are the author or recipient(s) of the document, the original source of the information or employees or agents of the entity producing or receiving the information, and any individual whose testimony is necessary to authenticate a document or to establish a foundation for its admission into evidence;

(11) Any mediator or arbitrator in this action;

(12) Any other person authorized by the Court or agreed to in writing by the Litigants; and

(13) Any individual whose testimony will be used in an affidavit or declaration.

Qualified Persons, in turn, shall not disclose any information marked as "Confidential" to any other persons or entities. "Confidential" documents, materials and information shall not be used by any person or business for competitive purposes or for any purpose other than solely for the preparation and trial of this action, and appeals therefrom.

9. Except during trial, each person given access to material designated as "Confidential" or copies thereof except Court personnel and employees and agents of law firms representing Litigants shall be advised of the existence and contents of this Order, and experts retained by counsel for the Parties shall acknowledge receipt of same in writing in the form attached hereto as Exhibit 1-A. Signed copies of Exhibit 1-A shall be retained by counsel for the

Party making the disclosure.

10. A person receiving Confidential Information shall not reveal such information to or discuss such information with any person who is not entitled to receive such information as set forth in paragraphs 8 and 9 above.

11. The parties shall have the right to seek additional restrictions on the disclosure of any Confidential Information by order of the Court.

12. A party may dispute a producing party's or non-party's designation of material as Confidential Information by giving written notice to the producing party or non-party at any time. If the parties, including any implicated non-parties, are not able to resolve the dispute as to the material specified in such written notice within five (5) business days of the producing party's or non-party's receipt of such written notice, the dispute may be submitted to the Court for resolution by way of a motion filed by the party contesting confidentiality seeking to declassify the documents or material. Although the contesting party must file the motion to declassify, the burden of proving the documents are properly classified and treated as confidential shall be on the party or non-party claiming that designation in the same manner as if the party or non-party were moving for a protective order in the absence of this Order. In determining whether all or part of a document has been properly classified, the Court may consider *inter alia* whether a modified or less-restrictive designation will serve a proven need for confidentiality, and may consider whether the duration of a proper designation should be limited or otherwise modified.

13. The parties agree, and the Court finds, that neither concurrence in the entry of this Order nor the failure to object to a designation by the producing party constitutes an admission by the opposing party that the designated document, communication, or information, or any part of its content, is confidential, sensitive, proprietary, or a trade secret, nor does any such failure create a waiver by or estoppel against that party.

14. Any Confidential Information disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be filed electronically under seal and maintained by the Clerk with access restricted to the Court and parties. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version attached as a sealed exhibit to the redacted version. The Clerk will maintain the unredacted version of a confidential filing with access restricted to the Court and parties. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

17. Within 120 days after the termination of the Litigation, including any appeal, except for Confidential Information filed with the Court or incorporated into work product, all originals and reproductions of Confidential Information which were produced shall be returned to counsel for the disclosing party or non-party, or destroyed upon request by the disclosing party or non-party, with a written confirmation that all Confidential Information has been returned or destroyed pursuant to the disclosing party or non-party's request. However, no person in possession of protected information will be required to return or destroy any Confidential Information it must retain pursuant to law, regulation, court order, or other professional obligation, but if Confidential Information is retained on that basis following a request for return or destruction, the retained Confidential Information and the basis for retention must be identified in writing in response to the request.

18. The designation of documents or written information as Confidential Information shall not preclude their introduction, admissibility, or use at trial or any hearing or on appeal, subject to recognized evidentiary objections (including those asserted *in limine*) or subject to such conditions or restrictions that may be ordered by the Court.

19. This Order does not affect any party's obligation to submit a privilege log or to comply with discovery or disclosure requests as required by the Federal Rules of Civil Procedure.

20. The following rules will apply to the inadvertent production of privileged documents or information in the Litigation, whether or not designated as Confidential Information: The inadvertent production or disclosure of documents produced or to be produced in the Litigation that constitute, contain, or reflect information protected by the attorney-client privilege, the work product privilege, or any other privilege or immunity shall not, and does not, constitute a waiver, in whole or in part, of the privilege claimed as to such documents or any other documents produced or to be produced in the Litigation. In the event a producing party or non-party discovers that an inadvertent production or disclosure of privileged documents was made, the producing party or non-party shall provide written notice of the inadvertent production or disclosure. Such written notice shall be provided within 10 business days of the date of discovery of the inadvertent production or disclosure and shall identify the documents claimed to have been inadvertently produced by production numbers or other identification and shall state the privilege(s) asserted. The identified documents claimed as privileged and any copies of them (including any copies given to third parties) shall then be promptly returned to the producing party or non-party. Original recipients of the identified documents shall not use or disclose the content of such documents for any purpose, pending further order of the Court regarding the privileged nature of the documents that are the subject of the written notice.

21. This Order is intended to facilitate discovery while preserving claims of confidentiality, not to waive any claims or rights regarding confidentiality or privilege. Accordingly, the Litigants shall not be deemed to have waived any claims of confidentiality or privilege merely because they have stipulated to this Order or provided information under the terms of this Order. The Litigants will produce discovery materials under the terms of this Order, but

execution of this Order does not constitute a representation by the executing Litigant that it possesses materials that are responsive to any particular question or request posed in discovery.

22.     The conclusion of the Litigation shall not relieve counsel or any person permitted access to material designated as Confidential Information pursuant to this Order from the obligations set forth herein, and this Court shall retain jurisdiction after the final disposition of this Litigation for the purpose of any application to enforce the provisions of this Order. This Order shall remain in force and effect until modified, superseded, or terminated by further order of this Court.

23.     This Order is binding upon the Litigants to this action, their officers, agents, servants, employees, representatives and attorneys, and upon those persons, including without limitation, outside experts, in active concert or participation with them who receive actual notice of this Order by personal service or otherwise. The Court retains jurisdiction over all such persons for the purpose of enforcing this Order.

24.     Nothing in this Order shall be construed to prohibit a producing Party from using its own material in whatever matter it chooses.

25.     The use of Confidential Information at trial or hearing is outside the scope of this protective order. Subject to the Federal Rules of Evidence, any Confidential Information or documents may be offered in evidence at trial or any Court hearing. A party intending to offer Confidential Information at trial must notify the disclosing or producing party or nonparty and all other parties in writing no later than the deadline for serving pretrial disclosures. The notice must particularly identify the Confidential Information that will be offered so the disclosing or producing party or nonparty may negotiate a stipulation concerning use of the information or request relief from the Court. A party or nonparty seeking to prevent or restrict disclosure of the identified Confidential Information at trial must request that relief through a motion in limine (for which

purpose a nonparty may intervene and enter a limited appearance) filed sufficiently in advance of trial for the Court to accommodate the request if granted, and in any case no later than the deadline to file motions in limine.

    IT IS SO ORDERED this 29th day of September, 2023.

                                      /s/ P. K. Holmes, III
                                    P.K. HOLMES, III
                                    U.S. DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| Heather M. Kohls, | ) | |
| Plaintiff | ) | |
| | ) | Case No.: 2:23-cv-02029-PKH |
| v. | ) | |
| | ) | |
| John Stephen Woodard D/B/A Alligator Rays | ) | |
| | ) | |
| Defendants | ) | |

### **EXHIBIT 1-A: ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Arkansas in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents and materials designated "Confidential" or "Attorneys' Eyes Only" in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom except as permitted by the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title:    _____

Employer: _____

Business Address: _____

_____

_____

Date: _____    Signature: _____

10